SABERS, Justice
(concurring in part and dissenting in part).
[¶ 41.] I concur in Issues 1, 2, 3 & 4. I dissent in Issue 5 because the Court improperly allowed forensic examiner Hawkins to testify about the credibility of E.S.B. As stated, her testimony was not general in regard to all child victims but specific to E.S.B. and invaded the province of the jury. See McKinney, 2005 SD 73, ¶¶ 32-36, 699 N.W.2d at 481.
[¶ 42.] Even the majority opinion concedes that “the State’s question was specific to E.S.B. and therefore improper.... ” Supra ¶ 36. However, the majority opinion deludes itself into concluding that the response was general and did not touch on E.S.B.’s credibility. I disagree. The State’s question was specific as to E.S.B., was improper, and the answer to the specific question was responsive to the specific question. The State basically asked if there was a problem with E.S.B.’s credibility because she switched locations of the alleged abuse during her testimony. The forensic examiner improperly bolstered E.S.B.’s credibility when she essentially testified that she had no concern with the inconsistencies in E.S.B.’s testimony. Specifically, when responding to the improper question the forensic examiner explained:
I guess, had it been a radically different location, for instance, if she had said it happened in a car when she came and talked to the jury, or if she had said it happened out of doors, that would be a radically different environment, versus one bedroom in a home as another bedroom apparently in the same house? That would not surprise me at all that a child would do that. What we know about children talking about their abuse is that they tell things piece by piece, bit by bit, and much of that is based on what they feel is going to happen, once they tell all.
Supra ¶ 36 (emphasis added). The majority opinion emphasizes the portions of the testimony which allegedly refer to children generally. However, the preceding statements specifically refer to “she.” The forensic examiner’s answer, taken as a whole, demonstrates that the jury could not have reasonably concluded that the response only went to the general characteristics of a sexually abused child. The response vouched for the credibility of the victim despite the fact that she was confused and incorrect about the room where the alleged incident occurred.
[¶ 43.] This case is going back for a retrial. It would be a serious mistake if this *864 Court puts its stamp of approval on an improper question which resulted in an improper and prejudicial answer that bolstered E.S.B.’s credibility and invaded the province of the jury. This would be built in error for the next appeal and I dissent.